## DOE v. LARMORE.

ERROR TO THE SUPREME COURT OF THE STATE OF ALABAMA.

Submitted December 17, 1885.—Decided January 4, 1886.

The act of April 10, 1869, 16 Stat. 45, "to renew certain grants of land to the State of Alabama," which were granted by the act of June 3, 1856. 11 Stat. 17, is not to be construed as a new and original grant, but as an extension of the time named in the original act for the completion of the railroads referred to in it.

*St. Louis, Iron Mountain and Southern Railway Co.* v. *McGee,* 115 U. S. 469, affirmed and applied.

This was an action of ejectment brought in the Circuit Court of DeKalb County, Alabama. Judgment for the defendant, which was affirmed by the Supreme Court of the State. This writ of error was sued out to review the latter judgment. The facts which make the case are stated in the opinion of the court.

*Mr. Samuel F. Rice* for plaintiffs in error.

*Mr. John T. Morgan* for defendant in error.

Mr. Chief Justice Waite delivered the opinion of the court.

This case cannot be distinguished in principle from *St. Louis, Iron Mountain and Southern Railway Co.* v. *McGee,* 115 U. S. 469, decided at the present term. The suit was ejectment to recover the possession of certain tracts of land granted June 3, 1856, by an act of Congress to the State of Alabama to aid in building a railroad "from Gadsden to connect with the Georgia and Tennessee line of railroad through Chattanooga, Wills' and Lookout Valleys." 11 Stat. 17, ch. 41. Sections 3 and 4 of this act are identical with sections 4 and 5 of the act involved in *McGee's* case, and they provided that if the road was not completed in ten years all unsold land should revert to the United States. On the 30th of January, 1858, the legislature of Alabama by a joint resolution transferred this grant to the Wills' Valley Railroad Company, "to be used and applied by said company upon the

terms, conditions, and under restrictions in said act of Congress contained." Sess. Laws Ala. 1857–8, 431. On the 29th of June, 1860, the lands involved in this suit were certified to the State by the Commissioner of the General Land Office under the grant, and on the 20th of February, 1861, they were sold by the company to Larmore, the defendant, and certain other persons who paid the purchase money and entered into possession. The proceeds of the sale were used in building the road, and, on the 7th of June, 1866, the company conveyed the lands in fee simple to the purchasers " against the claim and title of the said Wills' Valley Railroad Company, and of any person or persons claiming under said company." The other grantees named in the deed have since conveyed all their interest to Larmore, who is now in possession. The road was not completed within ten years after the passage of the act of Congress, and, on the 10th of April, 1869, another Act was passed, entitled " An Act to renew certain grants of land to the State of Alabama," 16 Stat. 45, ch. 24, by which this grant was " revived and renewed."

The name of the Wills' Valley Railroad Company was changed to Alabama and Chattanooga Railroad Company in 1868, and on the 2d of March, 1870, the company under that name obtained from the State a loan of State bonds to aid in the completion of its road. The road was afterwards finished so as to perfect title under the original grant. On the 8th of February, 1877, the State executed a deed to John A. Billups and John Swann, trustees, which purported to convey the lands in dispute, under a compromise agreement with the railroad company, to protect the interests of the holders of the State bonds which had been loaned to the company in 1870.

The claim of the plaintiff is that, as the lands in question were not fully earned when the sale was made under which Larmore holds title, and the road was not completed within the ten years fixed by the act of 1856, these lands, as well as those not sold at the end of the ten years, reverted at the end of that time to the United States, and passed again to the State under the act of 1869, which is to be construed as a new grant. We held otherwise in *McGee's* case, and under that

ruling the act of 1869 is to be treated as an extension of the time named in the original act for the completion of the road. As between the company and Larmore the title passed under the deed of 1866, which was executed to give effect to the sale in 1861. The completion of the road within the time fixed by the new act perfected the title of the company under the original grant, and this title inured at once to the benefit of Larmore. As the judgment below sustained Larmore's title and dismissed the suit, it was right, and it is consequently

*Affirmed.*